**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter  **11**

☐ Check if this an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy    4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Cempra Pharmaceuticals, Inc.** |
| 2. | All other names debtor used in the last 8 years  Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 20-3905814 |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **44 Whippany Road**  **Suite 280**  **Morristown, NJ 07960**  Number, Street, City, State & ZIP Code | _____  P.O. Box, Number, Street, City, State & ZIP Code |
| **Morris**  County | Location of principal assets, if different from principal place of business  _____  Number, Street, City, State & ZIP Code |

5. Debtor's website (URL)    https://melinta.com/

6. Type of debtor

   ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Debtor  **Cempra Pharmaceuticals, Inc.**　　　　　　　　　　　　　　　　　Case number (*if known*) _____
　　　　　Name

7. **Describe debtor's business**　A. *Check one:*

　☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
　☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
　☐ Railroad (as defined in 11 U.S.C. § 101(44))
　☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
　☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
　☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
　■ None of the above

　B. *Check all that apply*
　☐ Tax-exempt entity (as described in 26 U.S.C. §501)
　☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
　☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

　C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
　　See http://www.uscourts.gov/four-digit-national-association-naics-codes.
　　__3254__

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

　*Check one:*
　☐ Chapter 7
　☐ Chapter 9
　■ Chapter 11. *Check all that apply*:
　　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
　　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
　　☐ A plan is being filed with this petition.
　　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
　　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
　　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
　☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
　■ No.
　☐ Yes.

　If more than 2 cases, attach a separate list.

　District _____  When _____  Case number _____
　District _____  When _____  Case number _____

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**
　☐ No
　■ Yes.

　List all cases. If more than 1, attach a separate list

　Debtor  **See Annex 1** _____  Relationship  **Affiliate**
　District  **Delaware** _____  When _____  Case number, if known _____

Debtor  **Cempra Pharmaceuticals, Inc.**                                   Case number (*if known*) _____
        Name

**11. Why is the case filed in this district?**  *Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
- ☐ No
- ☐ Yes.  Insurance agency _____
          Contact name _____
          Phone _____

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*
- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**
- ☐ 1-49
- ☐ 50-99
- ☐ 100-199
- ■ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**15. Estimated Assets**
- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ■ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**
- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ■ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Note: The information provided regarding number of creditors, assets, and liabilities in Items 14-16 is being provided on a consolidated basis for the entities listed on Annex 1.

Debtor  **Cempra Pharmaceuticals, Inc.**
Name

Case number (if known)

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **12/27/2019**
             MM / DD / YYYY

X _[signature]_
Signature of authorized representative of debtor

**Jennifer Sanfilippo**
Printed name

Title  **Interim Chief Executive Officer**

**18. Signature of attorney**

X _[signature]_
Signature of attorney for debtor

Date  **12/27/2019**
      MM / DD / YYYY

**David R. Hurst**
Printed name

**Cole Schotz P.C.**
Firm name

**500 Delaware Avenue**
**Suite 1410**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **302-652-3131**    Email address  **dhurst@coleschotz.com**

**No. 3743 DE**
Bar number and State

# ANNEX 1

## SCHEDULE OF DEBTORS

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code. Substantially contemporaneously with the filing of these petitions, these entities filed a motion requesting that their respective chapter 11 cases be jointly administered for procedural purposes only.

|    | Debtors | Federal Employer Identification Number |
|----|---------|----------------------------------------|
| 1. | Melina Therapeutics, Inc. | 45-4440364 |
| 2. | Cempra Pharmaceuticals, Inc. | 20-3905814 |
| 3. | CEM-102 Pharmaceuticals, Inc. | 26-2644262 |
| 4. | Melinta Subsidiary Corp. | 06-1599437 |
| 5. | Rempex Pharmaceuticals, Inc. | 27-5026000 |
| 6. | Targanta Therapeutics Corporation | 20-3971077 |

## ACTION BY WRITTEN CONSENT OF THE
## BOARD OF DIRECTORS OF
## CEMPRA PHARMACEUTICALS, INC.

The undersigned, being all of the members of the Board of Directors (the "Board") of Cempra Pharmaceuticals, Inc., a Delaware corporation (the "Corporation"), acting pursuant to Section 141(f) of the General Corporation Law of the State of Delaware (the "DGCL"), hereby adopt, by this written consent, the following resolutions with the same force and effect as if they had been unanimously adopted at a duly convened meeting of the Board and direct that this written consent be filed with the minutes of the Board:

**RESOLVED**, that the Board has determined, after consultation with management and the legal and financial advisors of the Corporation, that it is desirable and in the best interests of the Corporation, its creditors and other interested parties, that the Corporation file voluntary petitions for relief (the "Petitions") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), for the purpose of initiating bankruptcy cases (the "Bankruptcy Cases"); and be it further

**RESOLVED**, that the officers of the Corporation (collectively, the "Officers") are empowered, authorized and directed, on behalf of the Corporation, to execute and verify the Petitions as well as any other documents, schedules, motions, lists, applications, pleadings, orders and other documents (the "Chapter 11 Filings"), to cause the Petitions and the Chapter 11 Filings to be filed with the Bankruptcy Court, and to take and perform any further acts and deeds that such Officers deem necessary, appropriate or desirable in connection with the Bankruptcy Cases, including, without limitation, the payment of fees, expenses and taxes; and be it further

**RESOLVED**, that the Officers are empowered, authorized and directed to cause the Corporation to continue to conduct business operations in the ordinary course during the pendency of the Bankruptcy Cases, subject to the restrictions of the Bankruptcy Court and the obligations of the Company set forth in the RSA (as defined below); and be it further

### Restructuring Support Agreement

**RESOLVED**, that in connection with the Bankruptcy Cases, the Board (i) has determined it is desirable and in the best interests of the Corporation, its creditors, and other parties in interest that the Corporation shall be, and hereby is, authorized to enter into that certain Restructuring Support Agreement (the "RSA") by and among Melinta Therapeutics, Inc., a Delaware corporation and the sole stockholder of the Corporation ("Parent"), on behalf of itself and its subsidiaries, including the Corporation, and affiliates of Deerfield Management Company, L.P., substantially in the form presented to the Board on or in advance of the date hereof; and be it further

**RESOLVED**, that the Board hereby authorizes Parent to enter into the RSA for and on behalf of the Corporation, with such changes, additions, and modifications thereto as Parent or an Officer executing the same shall approve, such approval to be conclusively evidenced by Parent's execution and delivery thereof; and be it further

**RESOLVED**, that Parent and the Officers are empowered, authorized and directed, with full power of delegation, on behalf of the Corporation, to cause the Corporation to negotiate, execute, and deliver the RSA and any related documents contemplated thereby, in such form and with such changes or amendments as any one or more such Officers shall approve as necessary or desirable; and be it further

## Retention of Advisors

**RESOLVED**, that the Officers are empowered, authorized and directed to continue to retain, on behalf of the Corporation, the law firms of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden Arps") and Cole Schotz P.C. ("Cole Schotz") to render general legal advice and in the event that the Corporation files the Petitions, to represent the Corporation and its Subsidiaries in connection with such proceedings and all other related matters in connection therewith, in such capacities and on such terms as the Officers may approve and/or have previously approved; and be it further

**RESOLVED**, that the Officers are empowered, authorized and directed to continue to retain, on behalf of the Corporation, Jefferies LLC ("Jefferies") to provide investment banking services to the Corporation and any other services agreed to by the parties; and be it further

**RESOLVED**, that the Officers are empowered, authorized and directed to continue to retain, on behalf of the Corporation, Portage Point Partners, LLC ("Portage Point") to serve as financial advisor to the Corporation and any other services agreed to by the parties; and be it further

**RESOLVED**, that the Officers are empowered, authorized, and directed, on behalf of the Corporation, to continue the employment and retention of professionals in the ordinary course as long as they deem appropriate and in the Bankruptcy Cases to retain and employ other attorneys, accountants, and other professionals to assist in the Bankruptcy Cases on such terms as are deemed necessary, proper, or desirable; and be it further

**RESOLVED**, that the Officers are authorized and directed to execute any appropriate engagement letters and agreements and such other documents necessary to retain Skadden Arps, Cole Schotz, Jefferies, Portage Point, and any other or additional financial advisors, investment bankers, accountants, auditors, advisors, legal counsel, and other professionals not specifically identified herein (the "Professionals"), and to cause the Corporation to pay appropriate retainers to such Professionals prior to the filing of the Bankruptcy Cases or after to the extent appropriate and permitted in the Bankruptcy Cases, and to cause to be filed appropriate applications or motions seeking authority to retain and pay for the services of such Professionals; and be it further

## General Resolutions

**RESOLVED**, that the Officers are empowered, authorized and directed, on behalf of the Corporation, to take, from time to time, any and all such actions and to execute and deliver from time to time any and all such agreements, amendments, instruments, requests, receipts, applications, reports, certificates, and other documents, and to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications, and other papers and documents necessary or desirable in connection with the foregoing resolutions, and to take any and all action

deemed necessary, proper, or desirable in connection with the foregoing resolutions and to carry out and perform the purposes of the foregoing resolutions; and be it further

**RESOLVED**, that the omission from the foregoing resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents, or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Officers to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

**RESOLVED**, that any and all actions lawfully done for and on behalf of the Corporation by any Officer or Professional engaged by the Corporation with respect to any transactions contemplated by the foregoing resolutions, before or after their adoption, are ratified, authorized, approved, adopted in good faith, and consented to in all respects for all purposes.

***

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Directors of Cempra Pharmaceuticals, Inc., have executed this written consent as of the 27th day of December, 2019.

By: _____

Name:   Jennifer A. Sanfilippo

Title:   Director

Fill in this information to identify the Case:

Debtor Melinta Therapeutics, Inc., *et al.*

United States Bankruptcy Court for the: District of Delaware

Case Number (if known):_____

☐ Check if this is an amended filing

## OFFICIAL FORM 204
### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of Creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured |
| 1. | World Gen LLC<br>120 Route 17 North<br>Paramus, NJ 07652 | Lee Armstrong<br>Ph: 312-322-1051<br>Lee@interchem.com | Trade Debt | | | | $6,904,906 |
| 2. | Amplity, Inc<br>d/b/a Amplity Health<br>1000 Floral Vale Blvd.<br>Suite 400<br>Yardley, PA 19067 | Karen Kelly<br>Ph: 201-566-8190<br>karen.kelly@amplity.com | Trade Debt | | | | $1,731,996 |
| 3. | Trialcard Incorporated<br>2250 Perimeter Park Drive<br>Suite 300<br>Morrisville, NC 27560 | Scott Foreman<br>Ph: 919-415-3237<br>sforeman@trialcard.com | Trade Debt | | | | $1,331,025 |
| 4. | Lonza Ltd<br>Muenchensteinerstrasse 38<br>CH-4002 Basel<br>Switzerland | Patricia Green<br>Ph: +41 61 316 81 11<br>Patricia.Green@lonza.com | Trade Debt | | | | $842,889 |
| 5. | Jones Microbiology Institute Inc.<br>345 Beaver Kreek Centre<br>Suite A<br>North Liberty, IA 52317 | Andrew Fuhrmeister<br>Ph: 319-665-3370<br>andrew-fuhrmeister@jmilabs.com | Trade Debt | | | | $655,931 |

Debtor <u>Melinta Therapeutics, Inc., et al.</u>          Case number (if known) _____
      Name

| | Name of Creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br><br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured |
| 6. | bioMerieux Inc.<br>3 Route de Port Michaud<br>38390 La Balme-les-Grottes<br>France | Geraldine Saint Andre<br>Ph: +33 04 78 87 75 95<br>geraldine.saintandre@biomerieux.com | Trade Debt | | | | $567,500 |
| 7. | Cravath, Swaine & Moore LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019 | Kenneth Halcolm<br>Ph: 212-474-1000<br>KHalcom@cravath.com | Professional Services | | | | $396,301 |
| 8. | Automotive Rentals, Inc.<br>4001 Leadenhall Road<br>Mount Laurel, NJ 08054 | Brian Creelman<br>Ph: 856-533-9820<br>bcreelman@arifleet.com | Trade Debt | | | | $373,363 |
| 9. | Relay Health<br>450 Lindbergh Drive<br>Moon Township, PA 15108 | Marina Engler<br>Ph: 412-474-1110<br>marina.cantoni@mckesson.com | Trade Debt | | | | $329,806 |
| 10. | IQVIA, Inc.<br>100 IMS Dr.<br>Parsippany, NJ 07054 | Susan Ross<br>Ph: 973-316-8047<br>susan.ross1@iqvia.com | Trade Debt | | | | $295,292 |
| 11. | Willkie Farr & Gallagher, LLP<br>787 Seventh Avenue<br>2nd Floor<br>New York, NY 10019-6099 | Sean Ewen<br>Ph: 212-728-8867<br>sewen@willkie.com | Professional Services | | | | $293,149 |
| 12. | Veeva Systems, Inc.<br>4280 Hacienda Drive<br>Pleasanton, CA 94588 | Seth Fox<br>Ph: 610-360-8487<br>seth.fox@veeva.com | Trade Debt | | | | $250,883 |
| 13. | ZS Associates, Inc.<br>World Trade Center, Tower 3<br>Kharadi, Pune - 411014<br>Maharashtra, India | Mahendra Hapse<br>Ph: +91 20 6739 9090<br>mahendra.hapse@zs.com | Trade Debt | | | | $194,059 |
| 14. | Yale University, OCR<br>Yale Office of Cooperative Research<br>433 Temple Street<br>New Haven, CT 06511-6803 | Dawn Marie Portoff<br>Ph: 203-436-4670<br>dawnmarie.portoff@yale.edu | Trade Debt | | | | $177,244 |
| 15. | Activate LLC<br>1 Gatehall Drive, Suite 306<br>Parsippany, NJ 07054 | Mike Fernandez<br>Ph: 201-341-0308<br>mfernandez@letsactivate.com | Trade Debt | | | | $155,500 |
| 16. | J. Knipper and Company, Inc.<br>One Healthcare Way<br>Lakeway, NJ 08701 | Holly Opdyke<br>Ph: 848-373-7036<br>Holly.Opdyke@knipper.com | Trade Debt | | | | $150,256 |
| 17. | D2 Pharma Consulting LLC<br>400 Chesterfield Center<br>Suite 400<br>Chesterfield, MO 63017 | Glenn Johnston<br>Ph: 314-308-2028<br>glenn.johnston@d2rx.com | Trade Debt | | | | $128,967 |

Case 19-12749-LSS    Doc 1    Filed 12/27/19    Page 12 of 16

Debtor Melinta Therapeutics, Inc., et al.    Case number (if known) _____
       Name

| Name of Creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br><br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured |
| 18. CoverMyMeds, LLC<br>22901 Millcreek Blvd.<br>Suite 240<br>Highland Hills, OH 44122 | Gavin Rodgers<br>Ph: 740-888-5043<br>GRogers@covermymeds.com | Trade Debt | | | | $127,200 |
| 19. Quantuvis LLC<br>319 Clematis Street<br>Suite 600<br>West Palm Beach, FL 33401 | Matthew Kalgren<br>Ph: 561-660-7052<br>mkalgren@quantuvis.net | Trade Debt | | | | $120,000 |
| 20. Xcenda LLC<br>4114 Woodlands Parkway<br>Palm Harbor, FL 34685 | Reetta Pitcher<br>Ph: 704-943-1847<br>reetta.pitcher@xcenda.com | Trade Debt | | | | $105,690 |
| 21. Razorfish Health<br>100 Penn Square East<br>4th Floor South<br>Philadelphia, PA 19107 | Derek Bengston<br>Ph: 267-295-7100<br>info@razorfishhealth.com | Trade Debt | | | | $101,461 |
| 22. Mosaic Solutions Group LLC<br>625 Molly Lane<br>Suite 100<br>Woodstuck, GA 30189 | Rob Kime<br>Ph: 678-809-4407<br>rob.kime@mosaicsg.com | Trade Debt | | | | $99,756 |
| 23. IDT Australia Limited<br>45 Wadhurst Drive<br>Boronia Victoria 3155<br>Australia | David Sparling<br>Ph: +61 3 9801 8888<br>dsparling@idtaus.com.au | Trade Debt | | | | $90,826 |
| 24. Concur Technologies, Inc.<br>601 108th Ave. NE, Ste. 1000<br>Bellevue, WA 98004 | Doug Vose<br>Ph: 507-380-1478<br>doug.vose.jr@sap.com | Trade Debt | | | | $66,938 |
| 25. Fish & Richardson, PC<br>P.O. Box 3295<br>Boston, MA 02241-3295 | Andrea Dorigo<br>Ph: 858-678 4794<br>dorigo@fr.com | Professional Services | | | | $66,378 |
| 26. Crowe LLP<br>225 W. Wacker Dr.<br>Suite 2600<br>Chicago, IL 60606 | Joo Hee Ohk<br>Ph: 630-575-4253<br>joohee.ohk@crowe.com | Professional Services | | | | $60,298 |
| 27. MMIT<br>1040 Stony Hill Road<br>Suite 300<br>Yardley, PA 19067 | Matthew Seltzer<br>Ph: 267-751-3085<br>mseltzer@mmitnetwork.com | Trade | | | | $57,500 |
| 28. The Medicines Company<br>8 Sylvan Way<br>Parsippany, NJ 07054 | Donald J. Wolfe, Jr., Esq.<br>Michael A. Pittenger, Esq.<br>Potter Anderson & Corroon LLP<br>Ph: 302-984-6000<br>dwolfe@potteranderson.com<br>mpittenger@potteranderson.com | Litigation Claim | Disputed<br>Contingent<br>Unliquidated | | | |

Debtor  Melinta Therapeutics, Inc., et al.                    Case number (if known) _____
           Name

| | Name of Creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br><br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured |
| 29. | Fortis Advisors LLC<br>c/o Legal Department<br>4225 Executive Square<br>Suite 1040<br>La Jolla, CA 92037 | Ryan D. Stottmann, Esq.<br>Alexandra M. Cumings, Esq.<br>Morris Nichols Arsht & Tunnell LLP<br>Ph: 302-658-9200<br>rstottmann@mnat.com<br>acumings@mnat.com | Litigation Claim | Disputed<br>Contingent<br>Unliquidated | | | |
| 30. | The Scripps Research Institute<br>10550 N. Torrey Pines Rd.<br>TPC8<br>La Jolla, CA 92037 | Karen B. King, Esq.<br>Parker & Zubkoff LLP<br>Ph: 619-233-8292<br>kking@pzfirm.com | Trade Debt; Litigation Claim | Disputed<br>Contingent<br>Unliquidated | | | |

**Fill in this information to identify the case:**

Debtor name   **Cempra Pharmaceuticals, Inc.**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule*
■   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐   Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **12/27/2019**         X _____
                                      Signature of individual signing on behalf of debtor

**Jennifer Sanfilippo**
Printed name

**Interim Chief Executive Officer**
Position or relationship to debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>MELINTA THERAPEUTICS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-_____ (___)<br><br>(Joint Administration Pending) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, set forth below are the corporate entities that directly or indirectly own 10% or more of any class of Melinta Therapeutics, Inc.'s equity interests, as of August 9, 2019:

| Shareholder | Address | Number of Shares |
|---|---|---|
| Vatera Healthcare Partners LLC | 400 Royal Palm Way, Suite 212<br>Palm Beach, FL 33480 | 12,660,587 |
| Vatera Capital Management LLC | 400 Royal Palm Way, Suite 212<br>Palm Beach, FL 33480 | 12,780,731 |

Melinta Therapeutics, Inc. owns 100% of the equity interests of Cempra Pharmaceuticals, Inc., CEM-102 Pharmaceuticals, Inc., Melinta Subsidiary Corp., Rempex Pharmaceuticals, Inc., and Targanta Therapeutics Corporation, which are the other debtors and debtors-in-possession in these chapter 11 cases.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Melinta Therapeutics, Inc. (0364); Cempra Pharmaceuticals, Inc. (5814); CEM-102 Pharmaceuticals, Inc. (4262); Melinta Subsidiary Corp. (9437); Rempex Pharmaceuticals, Inc. (6000); and Targanta Therapeutics Corporation (1077). The address of the Debtors' corporate headquarters is 44 Whippany Road, Suite 280, Morristown, New Jersey 07960.

**Fill in this information to identify the case:**

Debtor name  **Cempra Pharmaceuticals, Inc.**

United States Bankruptcy Court for the:  DISTRICT OF DELAWARE

Case number (if known)

☐ Check if this is an amended filing

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■ Other document that requires a declaration  **Consolidated Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **12/27/2019**     X  _(signature)_
                                   Signature of individual signing on behalf of debtor

**Jennifer Sanfilippo**
Printed name

**Interim Chief Executive Officer**
Position or relationship to debtor